### GEORGE W. BONNER v. ELI G. RUNALS.

*Master and servant—Contract for employment of miller—Action for wages.*

1. Where the testimony in a case tended to show that the defendant engaged the plaintiff as a miller to work in a grist-mill, which was old and out of repair and did but little work, and the tolls were received and used by plaintiff by defendant's direction, who knew when he employed plaintiff that the earnings of the mill would be insufficient to pay for plaintiff's services, the question whether plaintiff received the *entire* proceeds of the mill, or whether the defendant received no benefit from the labor of the plaintiff, is irrelevant under plaintiff's theory of the case.

2. In such a case an instruction to the jury that the burden rested on the plaintiff to show his *right* to recover by a fair preponderance of evidence,—to show the *work* he did, and *what* it was worth, and *what* understanding defendant had of the matter, and that the work was done with his knowledge and approval, and that he received the benefit of it,—sufficiently covered a request by defendant for an instruction that "the burden of proof was on plaintiff to establish *everything* necessary to a recovery in the action."

3. In such a case the *ownership* of the mill is not in question, the question of its *occupancy* by plaintiff, as defendant's employé, being submitted to the jury under proper instructions.

Error to St. Joseph. (Pealer, J.) Argued June 11 and 12, 1889. Decided July 11, 1889.

*Assumpsit.* Defendant brings error. Affirmed. The facts, and points of counsel passed upon by the Court, are stated in the opinion.

*A. M. Graham* and *H. P. Stewart,* for appellant.

*T. C. Carpenter* and *Alfred Akey,* for plaintiff.

CHAMPLIN, J. This action was brought to recover wages which the plaintiff claims defendant owes him at an agreed price per month, and also for money paid to the use of defendant, and at his request. The plea was the general issue.

Some exceptions were taken to the rulings of the court upon the admission of testimony, but we think the testimony was properly admitted.

The defendant's counsel insist that their fourth, sixth, tenth, and thirteenth requests to charge should have been given. These requests were as follows:

"4. In this cause, it being shown by the plaintiff that he received the entire proceeds of his labor, and the defendant received no benefit from the labor of the plaintiff, therefore the plaintiff cannot recover in this action."

"6. For the repairs alleged to have been done on the property plaintiff cannot recover, as it appears that he is not the man who did them, and the man who did was to receive his pay out of the profits of the mill."

"10. The burden of proof is on plaintiff to establish everything necessary to a recovery in this action."

"13. The jury are to consider all the evidence in the case touching the ownership and possession of the mill, and whether defendant ever had anything to do with the mill in any way."

The fourth request was properly refused. The testimony introduced in behalf of plaintiff tended to show that defendant engaged the services of the plaintiff as a miller to work in a grist-mill. The mill was old, and out of repair, and did but little work. It was a grist-mill, and the tolls received were used by plaintiff, as he claimed and testified, by direction of defendant. Defendant knew when he employed the plaintiff that the earnings of the mill would be entirely insufficient to pay for the services of the plaintiff, and some testimony was introduced tending to prove that defendant designed very shortly to put in improved machinery, and thoroughly repair the mill. Whether the

plaintiff received the entire proceeds of the mill, or whether the defendant received no benefit from the labor of plaintiff, was irrelevant, under the plaintiff's theory of the case.

The sixth request was properly refused, and the subject-matter was covered by the charge as given.

The court charged the jury—

"That the burden rests upon the plaintiff in this case to show his right to recover by a fair preponderance of evidence, to show the work he did, to show what it was worth, to show what understanding defendant had of the matter, that he did this work with his knowledge, with his approval, and that he received the benefit of it."

This sufficiently covered the tenth request.

The thirteenth request was properly refused. The ownership of the mill was not in question in this suit. The occupancy of the mill by plaintiff, as the employé of defendant, was submitted to the jury under proper instructions. The questions involved were mainly questions of fact, which were submitted to the jury under instructions which were in every respect proper, and the jury have settled those questions in favor of the plaintiff. As determinations of fact they are binding upon this Court.

The judgment is affirmed.

SHERWOOD, C. J., CAMPBELL and LONG, JJ., concurred. MORSE, J., did not sit.